HOOPER, Chief Justice
(dissenting).
The plaintiff, Ray Schiffer, won his jury trial in a fraud and breach of contract action against Chrysler Corporation and its dealer Brewbaker Motors, Inc. The jury awarded him $50,000 in compensatory damages and $325,000 in punitive damages. Chrysler has filed a post-trial motion for a judgment as a matter of law, or, in the alternative, for a new trial or a remittitur of the damages award. Chrysler claims in its motion that the merits of the case do not justify the verdict. The plaintiff sought, at the post-judgment stage, discovery of certain information, including all records reflecting Chrysler’s profits from the sale of Dodge pickup trucks for the years 1995 and 1996. This demand is, as a matter of law, overly broad and burdensome because the information requested is irrelevant. The trial judge ordered the defendants to produce that information; Chrysler and Brewbaker have petitioned this Court for a writ of mandamus directing the trial judge to rescind his discovery order. I would order an answer and briefs directed to the mandamus petition. Therefore, I dissent from the denial of the petition.
My dissent is based mainly upon BMW of North America, Inc. v. Gore, — U.S. —, —, 116 S.Ct. 1589, 1597, 134 L.Ed.2d 809 (1996). In that case, the United States Supreme Court stated: “Alabama does not have the power ... to punish BMW for conduct that was lawful where it occurred and that had no impact on Aabama or its residents.” The plaintiffs discovery request makes no distinction between Dodge trucks sold in Alabama and Dodge trucks sold in other states. Unless Chrysler truck sales in other states were unlawful, Alabama may not use those sales for the purpose of determining an appropriate amount of punitive damages in this *355 ease. The trial judge’s discovery order makes no distinction between lawfully sold trucks and unlawfully sold trucks. Considering the volume of sales of Dodge trucks during the two-year period, I consider this a discovery request of enormous proportions.
I would also question the breadth of the order even if the conduct of Chrysler in this case was unlawful in every state of the union. Was Chrysler guilty of this misconduct with respect to every sale of a Dodge truck in the United States? In order for this discovery order to provide the plaintiff with relevant evidence to present in opposition to Chrysler’s motions or to present in a Hammond /Green Oil hearing,[1] the plaintiff must investigate the sale of every one of these trucks. In other words, the plaintiff will essentially have to litigate each and every sale of a Dodge truck by Chrysler in the United States. Such a project would be probably impossible. Without a showing of wrongdoing with respect to any one of these sales, the information regarding truck sales in 1995 and 1996 is of no relevance to the plaintiff, because Chrysler’s mere making of a profit on the sale of a truck is not improper conduct.
The plaintiffs attorney is an experienced and successful Alabama trial lawyer, and he should be well aware of the problem I speak of. If there is a question as to whether Chrysler can afford to pay the judgment in this case, information regarding Chrysler’s financial position and its profits in general is freely available in all manner of public reports. Even so, there is nothing to suggest that a large multinational corporation like Chrysler cannot afford to pay a judgment of $375,000. Therefore, there is no justification for this discovery order.
What kind of precedent does this discovery order set for future cases? It concerns me that an enterprising attorney in a case like this could use such excessive information, provided by a defendant, to obtain future clients. These concerns suggest a couple of reasons why courts do not require defendants to produce irrelevant information. It appears that Chrysler has shown a clear legal right to have this discovery order limited to relevant evidence. Therefore, I would order an answer and briefs to determine whether the trial judge abused his discretion in not limiting the discovery order.
SEE, J., concurs.

. See Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986); and Green Oil Co. v. Hornsby, 539 So.2d 218 (Ala.1989).